UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:23 CR 191 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| WILLIAM CRENSHAW, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, William Crenshaw's Motion for Bond

Reconsideration. (ECF #36). The Government filed a Response in Opposition. (#37). For the

reasons set forth below, Defendant's motion is DENIED.


## **PROCEDURAL HISTORY**

Mr. Crenshaw was arraigned on seven drug trafficking charges in January of 2024. He was

remanded to custody pending a detention hearing. (ECF #27). The detention hearing was held

before Magistrate Judge James E. Grimes on January 17, 2024. Magistrate Grimes found that

Mr. Crenshaw did not introduce sufficient evidence to rebut the presumption of detention that

arises under 18 U.S.C. §3142(e)(3). Further, the Government proved by clear and convincing

evidence that no condition or combination of conditions could ensure the safety of the public if

Mr. Crenshaw were to be released pending trial. In support of that finding, the Magistrate

specifically noted evidence presented at the hearing,[1] the weight of the evidence against Mr. Crenshaw, and the fact that he is subject to a lengthy period of incarceration if convicted.  (ECF #31).   Subsequently, Mr. Crenshaw pled guilty to all seven offenses: one count of conspiracy to distribute and possess with intent to distribute controlled substances. four counts of distribution of controlled substances, and one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§846 and 841(a)(1) and (b)(1)(C) (Counts One, Two, Five, Six, Seven, Eight, and Nine); and, one count of maintaining a drug premises in violation of 21 U.S.C. §856(a)(1)(Count Two).  (ECF #34, 35).  The Defendant now seeks review and revocation of the detention order, pending setencing. (ECF #36).

## STANDARD OF REVIEW

Under 18 U.S.C. §3145(b), a person who has been ordered detained by a magistrate judge may seek revocation or amendment of the order from the district court.  District courts are to review a magistrate judge's detention order *de novo*.  *United States v. Bokorquez*, No. 1:22-CR-57, 2022 WL 1521946, at *3 (N.D. Ohio May 12, 2022).

## ANALYSIS

---

[1]

At the detention hearing, the Government presented evidence that Mr. Crenshaw had remained a fugitive for approximately nine months after his co-defendant was arraigned, and that when officers attempted to arrest him in January of 2024, Mr. Crenshaw attempted to evade arrest by driving away, nearly hitting an officer, and driving through a yard to get to the street to escape, and running a stop sign.  When he stopped the vehicle, he fled on foot and entered a residence and when finally arrested was in the vicinity of multiple baggies of suspected drugs.

2

If the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," it shall order the detention of the person pending trial. 18 U.S.C. §3142(e). Detention may be based on the risk or non-appearance or the risk of safety to other persons and the community, the court need not find that both risks are present. *United States v. Ferranti*, 66 F.3d 540, 543-44 (2d Cir. 1995). A risk of non-appearance can be proven by a preponderance of the evidence, while safety risks must be established by clear and convincing evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

When there is probable cause to believe that the defendant has committed a controlled substances offense that carries a maximum term of imprisonment of ten years or more, or a firearm offense under section 924(c), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. §3142(e)(3)(A) and (B). This presumption becomes mandatory once the defendant pleads guilty to the offenses. 18 U.S.C. §3143(a)(2), unless one of two conditions exist: (1) the judicial officer finds there is a substantial likelihood that a motion for acquital or new trial will be granted; (2) the attorney for the Government has recommended that no sentence of imprisonment be imposed on the person. §3143(a)(2)(A)(I), (ii). Even if these conditions are met, the defendant shall not be release unless the judicial officer also finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community. §3143(a)(2)(B).

The Defendant has not shown that either of the exceptions to mandatory detention apply in his case. He seeks release to address family concerns and obligations but does not even attempt to

3

satisfy any of the requirements for release.  Nor does he challenge any of the conclusions made by the Magistrate Judge at the original hearing.  There is no basis upon which the Court could find that the mandatory detention provisions of §3143(a)(2) should not apply.

## **CONCLUSION**

For the reasons set forth above, the Court finds that there is no condition or combination of conditions that could adequately protect individuals and the community from danger if Mr. Crenshaw were to be released pending trial.  Mr. Crenshaw's Motion for Bond Reconsideration is, therefore,  DENIED.  (ECF #36).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED _March 29, 2024_

4